Case 7:21-cv-00132 Document 7 Filed on 04/27/21 in TXSD Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
April 27, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MIGUEL ANGEL HERRERA GONZALEZ, | § § § § | |
| Plaintiff, | § § | |
| VS. | § § | |
| COMMUNITY LOAN SERVICING, LLC; and CONNIE COBB, Substitute Trustee, | § § § § | |
| Defendants. | § | CIVIL ACTION NO. 7:21-cv-00132 |
| COMMUNITY LOAN SERVICING, LLC, | § § | |
| Counter- Plaintiff, | § § | |
| VS. | § § | |
| MIGUEL ANGEL HERRERA GONZALEZ, | § § § | |
| Counter-Defendant. | § | |

## OPINION AND ORDER

The Court now considers Plaintiff's "Motion to Remand"[1] and Defendant Community Loan Servicing, LLC's response.[2] After considering the motion, record, and relevant authorities, the Court **DENIES** Plaintiff's motion.

I. **BACKGROUND**

This is a foreclosure case. Plaintiff originally filed suit on April 5, 2021, in Texas state court seeking a temporary restraining order to halt the foreclosure sale of his home in Hidalgo

---

[1] Dkt. No. 5.
[2] Dkt. No. 6.

County, Texas, scheduled for April 6th.[3] The state judge granted a temporary restraining order on April 5th.[4] Substitute trustee Defendant Connie Cobb was served on April 6th and advised Defendant Community Loan Servicing, LLC of the lawsuit.[5] Defendant Community Loan Servicing filed its answer and counterclaim in state court on April 7th[6] and removed to this Court on the same day.[7] Plaintiff filed the instant motion to remand on April 22nd.[8] Defendant responded on the same day.[9] The issue of the Court's jurisdiction is ripe for decision. The Court turns to its analysis.

## II. ANALYSIS

Plaintiff first argues that the Court should remand this case because it does not involve a federal question.[10] This Court has already rejected this argument made by Plaintiff's same counsel Juan Angel Guerra.[11] The Court reiterates that diversity jurisdiction is a sufficient basis upon which to maintain jurisdiction over this case.

Plaintiff next argues that the "parties are not divers [sic]."[12] Plaintiff is a citizen of Texas,[13] Defendant Community Loan Servicing is a citizen of Delaware and Florida.[14] Substitute trustee Connie Cobb is a citizen of Texas,[15] but is an improperly joined party and is thus **DISMISSED** from this case for the same reasons numerous courts have already laid out:

---

[3] Dkt. No. 1-2 at 2–3.
[4] Dkt. No. 1-3.
[5] Dkt. No. 1 at 1, ¶ 2.
[6] Dkt. No. 1-2 at 13.
[7] Dkt. No. 1.
[8] Dkt. No. 5.
[9] Dkt. No. 6.
[10] Dkt. No. 5 at 1, ¶ 3.a.
[11] *Garcia v. Metro. Life Ins. Co.*, No. 1:19-cv-113, 2019 WL 4280098, at *4 (S.D. Tex. Aug. 16, 2019) (Morgan, J.) (holding that the Court may have subject matter jurisdiction under federal question jurisdiction *or* diversity jurisdiction), *report and recommendation adopted*, 2019 WL 4274228 (S.D. Tex. Sept. 10, 2019) (Rodriguez, J.).
[12] Dkt. No. 5 at 1, ¶ 3.b.
[13] Dkt. No. 1-2 at 1, § II.
[14] Dkt. No. 1 at 4, ¶ 13.
[15] *Id.* ¶ 14.

Plaintiff fails to allege any cognizable claim against the substitute trustee and the substitute trustee is not a necessary or relevant party with respect to the relief Plaintiff does seek.[16]

Plaintiff last argues that the amount in controversy is less than $75,000, excluding interest and costs, because Plaintiff is "suing only for the equity."[17] Numerous courts including this one have rejected this argument.[18] The Court reiterates that the amount in controversy is the value of the property at issue, which the Hidalgo County Central Appraisal District appraised at a value of $175,045.[19]

Accordingly, the Court finds that it has diversity jurisdiction over this case under 28 U.S.C. § 1332. The Court **DENIES** Plaintiff's motion to remand and request for attorney's fees.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 27th day of April 2021.

                                                Micaela Alvarez
                                          United States District Judge

---

[16] *Dempsey v. Deutsche Bank Nat'l Tr. Co.*, No. 1:20-cv-203, 2020 WL 7384687, at *2 (S.D. Tex. Dec. 16, 2020) (Rodriguez, J.) (collecting Fifth Circuit cases); *Ordonez v. NewRez LLC*, No. 7:20-cv-326, 2020 WL 7258363, at *4 (S.D. Tex. Dec. 9, 2020) (Alvarez, J.); *Garcia*, 2019 WL 4280098, at *4–5; *Flores del Campo v. U.S. Bank, N.A.*, No. 7:19-cv-76, 2019 U.S. Dist. LEXIS 212067, at *5 (S.D. Tex. Apr. 9, 2019) (Alvarez, J.); *Rodriguez v. Wells Fargo Bank, N.A.*, No. 7:18-cv-109, 2018 U.S. Dist. LEXIS 231333, at *8 (S.D. Tex. June 11, 2018) (Alvarez, J.); *Padalecki v. Bank of Am., N.A.*, No. SA-14-CV-267-XR, 2014 WL 6965390, at *4 (W.D. Tex. Dec. 5, 2014); *Williams v. Wells Fargo Bank*, No. 4:13-cv-825, 2014 WL 1024003, at *5 (S.D. Tex. Mar. 13, 2014) (Harmon, J.).
[17] Dkt. No. 5 at 2, ¶ 3.c.
[18] *See Ordonez*, 2020 WL 7258363, at *3; *Garcia*, 2019 WL 4280098, at *5; *Silver Gryphon, L.L.C. v. HSBC Bank USA, N.A.*, No. CIV.A. H-14-443, 2014 WL 2611811, at *3 (S.D. Tex. June 11, 2014) (Miller, J.); *Mason v. Bank of Am., N.A.*, No. 4:12CV291, 2013 WL 589556, at *2 (E.D. Tex. Feb. 14, 2013), *report and recommendation adopted*, No. 4:12CV291, 2013 WL 1313769 (E.D. Tex. Mar. 28, 2013); *Martinez v. BAC Home Loans Servicing, LP*, 777 F. Supp. 2d 1039, 1043 (W.D. Tex. 2010).
[19] Dkt. No. 1-7 at 2; *see Statin v. Deutsche Bank Nat. Tr. Co.*, 599 F. App'x 545, 546 (5th Cir. 2014) ("[A] county appraisal district's assessment of the property . . . is a common way the amount-in-controversy requirement is proven . . . .").