UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| COMMUNITY LOAN SERVICING, LLC, § <br> § <br> Counter-Plaintiff, § <br> § <br> VS. § <br> § <br> MIGUEL ANGEL HERRERA § <br> GONZALEZ, § <br> § <br> Counter-Defendant. § | CIVIL ACTION NO. 7:21-cv-00132 |

## OPINION AND ORDER

The Court now considers "Counter-Plaintiff Community Loan Servicing, LLC's Motion for Contempt and Brief in Support,"[1] "Counter-Plaintiff Community Loan Servicing, LLC's Notice to Court of Juan Angel Guerra's Failure to Respond to Motion for Contempt,"[2] and "Defendant's Opposed Motion for Extension of Time (30 Days) to File Defendant's Response on Motion for Contempt."[3]

Counter-Plaintiff Community filed a motion to hold Counter-Defendant's counsel Juan Angel Guerra in contempt of court on December 21, 2021.[4] Under Local Rule 7.4.A, as Mr. Guerra's counsel Larry Warner admits,[5] was January 11th. On January 14th, in the absence of any response by Mr. Guerra, Community notified the Court of Mr. Guerra's failure to timely respond to Community's motion for sanctions.[6] On January 18th, seven days after Mr. Guerra's response deadline, Mr. Guerra filed the instant motion to extend Mr. Guerra's time to respond by thirty

---

[1] Dkt. No. 48.
[2] Dkt. No. 49.
[3] Dkt. No. 50.
[4] Dkt. No. 48.
[5] Dkt. No. 50 at 1, ¶ 2.
[6] Dkt. No. 49.

days,[7] presumably to February 17th, which would be fifty-eight days after Community's motion was filed.

Although Juan Angel Guerra's motion to extend the time for him to file a response to the motion for sanctions is opposed,[8] the Court exercises its discretion under Local Rule 7.8 to consider the motion now because it is easily resolved.

After considering the motions, record, and relevant authorities, the Court **GRANTS** Counter-Plaintiff Community's motion and **DENIES** Mr. Guerra's motion to extend the time to respond.

### I. BACKGROUND AND MOTION TO EXTEND TIME

On August 16, 2021, this Court issued its opinion and order adjudicating Community's motion for sanctions.[9] The Court rejected counsel Juan Angel Guerra's arguments and imposed $26,415.96 in sanctions against Mr. Guerra for repeated violations of Federal Rule of Civil Procedure 11 and Texas Rule of Civil Procedure 13.[10] The Court ordered Mr. Guerra to pay 10% of the sanctions and file a statement of compliance by August 25th.[11] Instead of doing so, Mr. Guerra failed to pay any amount and unseasonably sought an extension on August 26th, violating Local Rule 7.1.D by his failure to confer with Community in the process.[12] The Court nevertheless granted Mr. Guerra an extension to September 7th to tender his initial payment.[13] Mr. Guerra subsequently failed to tender any payment or even a proposed payment schedule as ordered, so on

---

[7] Dkt. No. 50 at 1, ¶ 3.
[8] *Id.* at 6.
[9] Dkt. No. 28.
[10] *Id.*
[11] *Id.* at 26.
[12] *See* Dkt. No. 31 at 2.
[13] *Id.* at 3.

September 8th, the Court adopted Community's proposed payment schedule and ordered Mr. Guerra to pay sanctions according to the following schedule[14]:

| PAYMENT AMOUNTS | DEADLINES |
| --- | --- |
| $6,604.00 | October 1, 2021 |
| $3,962.40 | November 1, 2021 |
| $3,962.40 | December 1, 2021 |
| $3,962.40 | January 1, 2022 |
| $3,962.40 | February 1, 2022 |
| $3,962.36 | March 1, 2022 |

Mr. Guerra noticed an appeal of the sanctions issue on October 6th.[15] On November 5th, Mr. Guerra moved for reconsideration of sanctions in district court,[16] but the Court denied reconsideration.[17]

In the instant motion filed on December 21, 2021, Community reveals that Mr. Guerra has not made any of the first three payments in accordance with the Court's sanctions schedule.[18] Instead, shockingly, Mr. Guerra filed *yet another* action re-urging his frivolous claims on behalf of his same homeowner client against Community.[19] Mr. Guerra subsequently failed to timely respond to Community's instant motion for sanctions, or presumably to tender the payment due on January 1st.

On January 18th, Mr. Guerra's counsel requested an additional thirty days to respond to Community's motion for contempt.[20] As explained above, Mr. Guerra's motion is untimely.[21] Mr. Guerra requests a thirty-day extension of time to respond because his counsel underwent "major

---

[14] Dkt. No. 33 at 2.
[15] Dkt. No. 36.
[16] Dkt. Nos. 41–42.
[17] Dkt. No. 43.
[18] Dkt. No. 48 at 1.
[19] *See Gonzalez v. Community Loan Servicing, LLC*, No. 7:21-cv-00430 (S.D. Tex. Dec. 22, 2021), Dkt. No. 6 (Crane, J.) (dismissing case with prejudice pursuant to parties' stipulation). The Court acknowledges that Mr. Guerra technically appeared on the homeowner's behalf days after the case was first filed.
[20] Dkt. No. 50.
[21] *See supra* text accompanying note 7.

surgery" at the end of December and is in recovery.[22] However, the Court holds that Mr. Guerra's response is futile and unnecessary. As elaborated below, irrespective of Mr. Guerra's counsel's surgery, Mr. Guerra's repeated and sustained flouting this Court's orders over a period of months warrants a finding of civil contempt notwithstanding Mr. Guerra's response or excuses. Accordingly, the Court **DENIES** Mr. Guerra's motion to extend the time for him to respond.[23]

Now turning to the motion for contempt, Counter-Plaintiff Community moves the Court to hold Mr. Guerra in civil contempt and enforce additional sanctions.[24] The Court turns to the analysis.

## II. CONTEMPT

### a. Legal Standard

This Court, as it explained in the order imposing sanctions, "expressly retains jurisdiction, even after the conclusion of the merits of this case, to enforce this sanctions order and compel Mr. Guerra's compliance."[25] The Court may employ coercive sanctions designed to compel compliance with Court orders and compensate the party aggrieved by the contemnor.[26] "A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order."[27] "[T]he party seeking an order of contempt need only establish by clear and convincing evidence: (1) that a court order was in effect; (2) that the order required certain conduct by the respondent; and (3) that the respondent failed to comply with the court's order."[28]

---

[22] Dkt. No. 50 at 1–2, ¶ 4.
[23] Dkt. No. 50.
[24] Dkt. No. 48 at 2.
[25] Dkt. No. 28 at 26 (citing *Ratliff v. Stewart*, 508 F.3d 225, 230 (5th Cir. 2007)).
[26] *See Auto Parts Mfg. Miss. Inc. v. King Constr. of Hous., LLC*, 258 F. Supp. 3d 740, 751 (N.D. Miss. 2017) (collecting cases).
[27] *SEC v. First Fin. Grp. of Tex.*, 659 F.2d 660, 669 (5th Cir. 1981).
[28] *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 382 (5th Cir. 1999).

b. Analysis

Counter-Plaintiff Community demonstrates all three elements for a finding of civil contempt. Specifically, the Court adjudged and imposed sanctions[29] and subsequently entered a final judgment respecting sanctions ordering Mr. Guerra to comply with a definite payment schedule for the payment of the full amount of sanctions.[30] These Court orders were plainly effective and the Court even expressly declined to reconsider or repeal them.[31] Community meets the first two elements.

The Court's sanctions order ordered Mr. Guerra to "pay Counter-Plaintiff's counsel Marc D. Cabrera the total sum of $26,415.96 in sanctions" according to the above-referenced payment schedule.[32] Marc D. Cabrera, counsel for Community, avers that as of December 20, 2021, "neither [himself] nor Community have received any of the payments due under the Court's Final Judgment on Sanctions (Dkt. No. 33), including the payments for October 1, 2021, November 1, 2021, and December 1, 2021 totaling $14,528.80, from Juan Angel Guerra."[33] Community has demonstrated the third element, that Mr. Guerra has failed to comply with the certain conduct required by the Court's order.

Although Mr. Guerra has noticed an appeal of the Court's sanctions order,[34] Mr. Guerra does not appear to have sought or obtained a stay of this Court's orders or judgments. The Court does not lose jurisdiction once an appeal is filed; "[a] district court has continuing jurisdiction in support of its judgment, and until the judgment has been properly stayed or superseded, the district

---

[29] Dkt. No. 28.
[30] Dkt. No. 33.
[31] Dkt. No. 43.
[32] Dkt. No. 33 at 2.
[33] Dkt. No. 48-1 at 2, ¶ 3.
[34] Dkt. No. 36.

court may enforce it through contempt sanctions."[35] Mr. Guerra's failure to comply with the ordered sanctions schedule is not saved by his appeal, and even if it was, Mr. Guerra still failed to make the October 1st payment before his October 6th notice of appeal.

In light of the civil contempt, Community urges this Court to accelerate the sanctions due, and order an additional $5,000 in sanctions, and bar Mr. Guerra from practicing in the Southern District of Texas until the sanctions are fully paid, and arrest Mr. Guerra until the sanctions are fully paid.[36] The Court may impose additional sanctions to compensate a party for its costs in enforcing the Court's orders,[37] but the additional sanctions must be compensatory in light of a party's bad faith and redress losses sustained rather than constitute additional punishment for the sanctioned party's misbehavior.[38] Specifically, the aggrieved party "may recover 'only the portion of his fees that he would not have paid but for' the misconduct."[39]

While Mr. Cabrera filed an affidavit in support of Community's motion for sanctions, he did not offer any evidence of the losses sustained or fees incurred in pursuing a finding of civil contempt.[40] The Court can only speculate as to what additional amount of sanctions would be compensatory, rather than punitive, and accordingly declines to impose additional sanctions. Additionally, with respect to Mr. Guerra's license to practice in the Southern District of Texas, this Court has already suspended Mr. Guerra's license to practice and there is no need for further strikes against Mr. Guerra's license.[41] Finally, the Court does not find good cause to order the arrest of Mr. Guerra and instead issues the money judgment outlined below.

---

[35] *Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 238 (5th Cir. 1997) (cleaned up).
[36] Dkt. No. 48 at 5.
[37] *In re Skyport Glob. Commc'ns, Inc.*, 661 F. App'x 835, 841 (5th Cir. 2016) (quoting *Cook v. Ochsner Found. Hosp.*, 559 F.2d 270, 272 (5th Cir. 1977)).
[38] *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017).
[39] *Id.* at 1187 (quoting *Fox v. Vice,* 563 U.S. 826, 836 (2011)).
[40] *See* Dkt. No. 48-1.
[41] *See Garcia v. Am. Sav. Life Ins. Co.*, No. 7:21-cv-00389 (S.D. Tex. Oct. 21, 2021), Dkt. No. 5 (Alvarez, J.).

However, the Court finds good cause to accelerate the sanctions owed. In the absence of any payments whatsoever, it is obvious that the Court's payment schedule to defray the amount of sanctions owed serves no purpose.

### III. CONCLUSION AND HOLDING

For the foregoing reasons, the Court **GRANTS** Counter-Plaintiff Community's motion for civil contempt.[42] The Court finds that Attorney Juan Angel Guerra is in contempt of Court. Accordingly, the Court **ACCELERATES** the sanctions owed such that the full $26,415.96 in sanctions are immediately due and payable. This order supersedes the Court's September 8, 2021 sanctions payment schedule.[43]

In light of Mr. Guerra's contempt of court, in conjunction with this opinion and order, the Court issues an enforceable money judgment against Juan Angel Guerra.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 18th day of January 2022.

_____
Micaela Alvarez
United States District Judge

---

[42] Dkt. No. 48.
[43] Dkt. No. 33.